UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
OCT - 6 2005
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

CLARA BOWLING AND )
WILLIAM BOWLING, )
　)
Plaintiffs, )
　)
v. ) CASE NO.
　)
KERRY, INC., WILD FLAVORS, INC., ) **JURY TRIAL DEMANDED**
SETHNESS-GREENLEAF, INC., )
CONSUMERS FLAVORING EXTRACT )
CO., INC., FLAVOR CONCEPTS, INC., )
GIVAUDAN FLAVORS, INC., FONA )
WORLDWIDE, INC., INTERNATIONAL ) 4　05CV01802CDP
FLAVORS AND FRAGRANCES, INC., )
BUSH BOAKE-ALLEN, INC., QUEST )
INTERNATIONAL FLAVORS AND )
FRAGRANCES, INC., and GOLD COAST )
INGREDIENTS, INC. )
　)
Defendants. )

## NOTICE OF REMOVAL

To: United States District Court for the Eastern District of Missouri

Pursuant to 28 U.S.C. §§1441 and 1446, Defendant Givaudan Flavors Corporation ("Givaudan") hereby removes this action from the Missouri Circuit Court, Twenty-First Judicial Circuit, County of St. Louis, to the United States District Court for the Eastern District of Missouri, on the following grounds:

1.　Givaudan Flavors Corporation is the proper defendant in a civil action filed in the Missouri Circuit Court, Twenty-First Judicial Circuit, County of St. Louis, Cause No. 05CC-004030, entitled *Clara Bowling, et al. v. Kerry, Inc., et al.* A copy of the petition (the "Petition") is attached hereto as Exhibit A.

2. Plaintiffs incorrectly named Givaudan Flavors, Inc. in their Petition as a defendant. (*See* Exhibit B - Affidavit of Frederick King at ¶¶ 3, 7.) The correct entity that should have been named is Givaudan Flavors Corporation. (See Exhibit B at ¶¶ 6, 8.) Accordingly, Givaudan Flavors Corporation should be substituted as the proper defendant, and Givaudan Flavors, Inc. should be dismissed from the instant action. Unless otherwise noted, when the remainder of this Petition refers to "Givaudan," the reference is to the proper defendant, Givaudan Flavors Corporation.

3. Givaudan Flavors, Inc. received a copy of the Petition by mail on September 6, 2005. This Notice is being filed within 30 days from receipt of the Petition and is therefore timely under 28 U.S.C. § 1446(b).

4. This is a civil action that is removable to this Court pursuant to 28 U.S.C. § 1441. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, as it involves citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest, attorneys' fees and costs.

### I. THERE IS COMPLETE DIVERSITY OF CITIZENSHIP AMONG THE PROPER PARTIES TO THIS ACTION

5. Plaintiffs Clara and William Bowling are citizens of the State of Missouri.

6. Plaintiff Fidel Amesquita is a citizen of the State of Illinois.

7. Givaudan Flavors Corporation is a foreign corporation organized under the laws of the State of Delaware, with a principal place of business in Ohio. Givaudan Flavors, Inc. is not a proper defendant since it has not sold butter flavorings or other flavors to Gilster-Mary Lee, Inc.'s plant in McBride, Missouri for use in microwave popcorn. This Court may substitute a proper defendant for an improperly joined party in

connection with removal proceedings. *Sprint Spectrum L.P. v. AT&T Comm., Inc.*, Case No. 00-0973-CV-W-5, 2001 U.S. Dist. LEXIS 25620, at *6 (W.D. Mo. 2001).

8. Upon information and belief, Kerry, Inc. is a foreign corporation organized under the laws of the State of Delaware, with its principal place of business in Wisconsin. See Exhibit A at ¶ 3.

9. Upon information and belief, Wild Flavors, Inc. is a foreign corporation organized under the laws of the State of Delaware, with its principal place of business in Kentucky. See Exhibit A at ¶ 4.

10. Upon information and belief, Sethness-Greenleaf, Inc. is a foreign corporation organized under the laws of the State of Illinois, with its principal place of business in Illinois. See Exhibit A at ¶ 5.

11. Upon information and belief, Consumers Flavoring Extract Co., Inc. is a foreign corporation organized under the laws of the State of New York, with its principal place of business in New York. See Exhibit A at ¶ 6.

12. Upon information and belief, Flavor Concepts, Inc. is a foreign corporation organized under the laws of the State of Illinois, with its principal place of business in Illinois. See Exhibit A at ¶ 7.

13. Upon information and belief, FONA Worldwide, Inc. is a foreign corporation organized under the laws of the State of Illinois, with its principal place of business in Illinois. See Exhibit A at ¶ 9.

14. Upon information and belief, International Flavors and Fragrances, Inc. is a foreign corporation organized under the laws of the State of New York, with its principal place of business in New York. See Exhibit A at ¶ 10.

15. Upon information and belief, Quest International Flavors and Fragrances, Inc. is a foreign corporation organized under the laws of the State of New York, with its principal place of business in New York. See Exhibit A at ¶ 11.

16. Upon information and belief, Bush Boake Allen, Inc. is no longer an existing entity; consequently, it is not a proper party to this action. Even if it is a proper party, Bush Boake Allen is alleged to be a Virginia corporation with its principal place of business in New York. See Exhibit A at ¶ 12.

17. Upon information and belief, Gold Coast Ingredients, Inc. is a foreign corporation organized under the laws of the State of California, with its principal place of business in California. See Exhibit A at ¶ 13.

18. The requisite diversity exists under 28 U.S.C. § 1332 for the properly joined parties. Counsel for plaintiffs have improperly and fraudulently misjoined Plaintiff Fidel Amesquita, who has the same citizenship as some of the defendants, in an attempt to destroy federal diversity jurisdiction and prevent removal.

19. Fidel Amesquita is a citizen of the same state as defendants Sethness-Greenleaf, Inc., Flavor Concepts, Inc., and FONA Worldwide, Inc.

20. Plaintiffs have attempted to prevent removal by improperly and fraudulently joining the claims of the Bowling Plaintiffs and Plaintiff Fidel Amesquita. However, "[j]oinder designed solely to deprive federal courts of jurisdiction is fraudulent and will not prevent removal." *Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983).

A review of plaintiffs' Petition clearly illustrates that the plaintiffs improperly filed a joint petition to destroy diversity and defeat removal. Specifically, the Petition alleges

that the Bowling Plaintiffs and Fidel Amesquita worked at Gilster-Mary Lee's plant in McBride, Missouri at <u>different</u> times and in <u>different</u> positions.  See Exhibit A at ¶¶ 18 & 19.  In fact, Clara Bowling's employment with Gilster-Mary Lee terminated before Fidel Amesquita even began working for Gilster-Mary Lee. *Id.* Therefore, Clara Bowling and Fidel Amesquita allege different workplace exposures.

Additionally, the plaintiffs' allegations will require separate trials, both under Rule 20 of the Federal Rules of Civil Procedure and its counterpart in Missouri.  *See* Fed. R. Civ. P. 20(a) and Missouri Supreme Court Rule 52.05 (providing that plaintiffs may join in a single action "if they assert any right to relief jointly, severally, or in the alternative in respect of or **arising out of the same transaction, occurrence, or series of transactions or occurrences** . . . ."). *Id.* Emphasis added.  Nowhere in the Petition is there any allegation that Clara Bowling's or Fidel Amesquita's injuries arose from the same transaction, occurrence, or series of transactions or occurrences – nor can there be any such allegation since Clara Bowling and Fidel Amesquita worked at the plant in different positions and at different times.

Moreover, the Bowling Plaintiffs and Fidel Amesquita are represented by different counsel.  See Exhibit A at ¶ 1 ("COME NOW, plaintiffs, Clara Bowling and William Bowling, by counsel Tom R. Burcham, III, and Fidel Amesquita, by Robert L. DeVoto and Gary G. Matheny, his counsel of record . . . .").

21. Consequently, Fidel Amesquita has improperly and fraudulently joined his claims with those of the Bowling Plaintiffs in this Missouri state court action in an attempt to defeat removal.  The Bowling Plaintiffs are diverse from each of the properly

joined parties in this action. Accordingly, this Court should retain jurisdiction over the claims of the Bowling Plaintiffs.

22. It is well settled that Federal Courts disregard the citizenship of plaintiffs that have been improperly or fraudulently misjoined when determining the existence of diversity of citizenship for purposes of removal. *See, e.g.*, *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds*, *Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000) (holding that "[m]isjoinder may be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of a cause of action"). The Eighth Circuit's decision in *Iowa Public Service Co. v. Medicine Bow Coal Co.*, 556 F.2d 400 (8th Cir. 1977), is not to the contrary. *Medicine Bow Coal* addresses a circumstance in which plural plaintiffs have legitimate single claims against multiple, non-diverse defendants. Here, in contrast, neither Clara Bowling nor Fidel Amesquita may assert a claim on behalf of the other. As already explained, the claims of Clara Bowling and Fidel Amesquita involve different exposures at different times in different jobs and will require separate trials.

## II.    THE AMOUNT IN CONTROVERSY IS SATISFIED.

23. Plaintiffs seek compensatory and punitive damages allegedly arising from "severe, permanent, and progressive damage to the lungs and severe damage to the respiratory system" as a result of exposure to defendants' natural and artificial butter flavorings. *See* Exhibit A at ¶¶ 24, 29, 33 & 44. Reported verdicts in other cases that have been brought on similar theories against parties other than Givaudan exceed $75,000. *See* Exhibit C. For these reasons, Givaudan has a good faith belief that the Bowling Plaintiffs are in fact seeking to recover an amount in excess of $75,000,

exclusive of interest, attorneys' fees and costs. *See Gottlieb v. Westin Hotel Co.*, 999 F.2d 323, 329-330 (7th Cir. 1993).

### III.   THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.

24.   As already explained, this notice of removal was filed within 30 days of the date that Givaudan Flavors, Inc. was served. Therefore, removal is timely. *See* 28 U.S.C. § 1446(b).

25.   To the best of Givaudan's knowledge, it is the first defendant served with a copy of the summons and Petition. Also to the best of Givaudan's knowledge, the other defendants will consent to removal within 30 days of the date on which each is served, as required by the removal statute. *See Pender v. Bell Asbestos Mines, Ltd.*, 145 F. Supp. 2d 1107, 1111 (E.D. Mo. 2001)("[E]ach defendant must file for removal within thirty days from the date on which that particular defendant was served." Citations omitted).

26.   Givaudan attaches as Exhibit D a complete copy of the state court file in the Circuit Court of St. Louis County, Missouri.

27.   Promptly after receipt of the United States District Court for the Eastern District of Missouri Case Number for this removed case, Givaudan will give written notice hereof to plaintiffs and will file a copy of this Notice of Removal with the Clerk of the Circuit Court of St. Louis County, Missouri.

WHEREFORE, Givaudan Flavors Corporation removes the claims of Plaintiffs Clara Bowling and William Bowling in this action from the Missouri Circuit Court, Twenty-First Judicial Circuit, County of St. Louis.

Dated:   October 6, 2005

Respectfully submitted,

FOLEY & MANSFIELD PLLP

_____
Michael W. Newport, 3946
1001 Highlands Plaza Drive West, Suite 400
St. Louis, MO 63110
PH: (314) 645-7788
FX: (314) 645-9945

*Of Counsel:*
SQUIRE, SANDERS & DEMPSEY L.L.P.
Damond R. Mace
J. Philip Calabrese
4900 Key Tower
127 Public Square
Cleveland, OH 44114-1304
PH: (216) 479-8500
FX: (216) 479-8780
Attorneys for Givaudan Flavors Corporation

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Notice of Removal of Civil Action was served upon the following by first-class U.S. mail postage prepaid this 6th day of October 2005: Gary G. Matheny, 212-B W. Columbia, Farmington, MO 63640; Robert L. DeVoto, Manchester Professional Building, 9322 Manchester Road, St. Louis, MO 63119; Tom R. Burcham, III, Attorney at Law, One South Jefferson Street, Farmington, MO 63640.

_____