# Ex. A

# IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

CLARA BOWLING and )
WILLIAM BOWLING, )
)
and )
)
FIDEL AMESQUITA, )
)
Plaintiffs, )
)
)  Cause No.: 
)
KERRY, INC. f/k/a )
Kerry Ingredients, Inc., and )
Kerry Foods, Inc., a Delaware Corp., )
)
SERVE AT: Prentice Hall Corporation )
System, Registered Agent )
222 East Dunklin Street )
Jefferson City, MO 65101; )
and )
)
WILD FLAVORS, INC., a Delaware Corp., )
)
SERVE AT: CSC - Lawyers Incorporating )
Service Company )
Registered Agent )
421 West Main Street )
Frankfort KY, 40601; )
and )
)
SETHNESS-GREENLEAF, INC., an )
Illinois Corporation, )
)
SERVE AT: Walter J. O'Brien, II )
Registered Agent )
1900 Spring Road, Ste. 501 )
Oak Brook, IL 60523; )
and )
)

1

CONSUMERS FLAVORING )
EXTRACT, CO. INC., a New York Corp., )
)
SERVE AT: Louis D. Fontana )
921 McDonald Avenue )
Brooklyn, NY 11218-5611; )
and )
)
FLAVOR CONCEPTS, INC., an Illinois )
Corporation, )
)
SERVE AT: Dennis J. Krisik, )
Registered Agent )
208 S. Lassalle St., Ste. 1670 )
Chicago, IL 60604-1103; )
and )
)
GIVAUDAN FLAVORS, INC., a Missouri )
Corporation, )
)
SERVE AT: The Corporation Co. )
Registered Agent )
120 South Central Avenue )
Clayton, MO 63105; )
and )
)
FONA WORLDWIDE, INC. a/k/a )
FONA International, Inc. f/k/a )
Flavors of North America, Inc., an Illinois )
Corporation, )
)
SERVE AT: Warren E. Brubaker )
Registered Agent )
770 Halsted, Ste. 205 )
Chicago, IL 60622-5972; )
and )
)
INTERNATIONAL FLAVORS )
and FRAGRANCES, INC., and d/b/a )
IFF, upon information and belief a )
Delaware Corporation, )
)
SERVE AT: C.T. Corporation Systems )

2

|                                      |                                      |   |
|--------------------------------------|--------------------------------------|---|
|                                      | Registered Agent                     | ) |
|                                      | 111 Eighth Street                    | ) |
|                                      | New York, NY 10011;                  | ) |
| and                                  |                                      | ) |
|                                      |                                      | ) |
| BUSH BOAKE-ALLEN, INC., a Virginia   |                                      | ) |
| Corporation,                         |                                      | ) |
|                                      |                                      | ) |
| SERVE AT:                            | Prentice Hall Corporation            | ) |
|                                      | System, Inc.                         | ) |
|                                      | Registered Agent                     | ) |
|                                      | 222 East Dunklin Street              | ) |
|                                      | Jefferson City, MO 63101;            | ) |
| and                                  |                                      | ) |
|                                      |                                      | ) |
| QUEST INTERNATIONAL FLAVORS          |                                      | ) |
| AND FRAGRANCES, INC., a Delaware     |                                      | ) |
| Corporation,                         |                                      | ) |
|                                      |                                      | ) |
| SERVE AT:                            | C.T. Corporation                     | ) |
|                                      | Registered Agent                     | ) |
|                                      | 1209 Orange Street                   | ) |
|                                      | Wilmington, DE 19801,                | ) |
|                                      |                                      | ) |
| and                                  |                                      | ) |
|                                      |                                      | ) |
| GOLD COAST INGREDIENTS, INC.,        |                                      | ) |
| A California Corporation,            |                                      | ) |
|                                      |                                      | ) |
| SERVE AT;                            | James A. Sgro                        | ) |
|                                      | 2429 Yates Ave.                      | ) |
|                                      | Commerce, California 90040,)         |   |
|                                      | Defendants.                          | ) |

## PERSONAL INJURY/PRODUCT LIABILITY/OTHER

## PETITION

COME NOW, plaintiffs, Clara Bowling and William Bowling, by counsel, Tom R.

Burcham, III, and Fidel Amesquita, by Robert L. DeVoto and Gary G. Matheny, his counsel of

3

record, and for their petition against defendants, each of them, and state and aver as follows:

## The Parties

1. Plaintiff Clara Bowling is a natural person and resident of Madison County, Missouri. Plaintiff, William Bowling, is a natural person and resident of Madison County Missouri and at all times pertinent hereto was the lawful spouse of Clara Bowling.

2. Plaintiff Fidel Amesquita was and is a natural person and resident of the City of Cobden, Union County, State of Illinois.

3. Defendant Kerry, Inc. a/k/a Kerry Ingredients, Inc and Kerry Foods, Inc. (Kerry) is a corporation duly organized and existing under the law of the State of Delaware with its principal place of business in Milwaukee, Wisconsin.

4. Defendant Wild Flavors, Inc. (Wild) is a corporation duly organized under the law of the State of Delaware with its principal place of business in Frankfort, Kentucky.

5. Defendant Sethness-Greenleaf, Inc. (Sethness) is a corporation duly organized under the law of the State of Illinois with its principal place of business in the County of Cook, State of Illinois.

6. Defendant Consumers Flavoring Extract Co (Consumers) is a corporation duly organized under the law of the State of New York with its principal place of business in New York City, New York.

7 Defendant Flavor Concepts, Inc. is a corporation duly organized under the law of the State of Illinois with its principal place of business in the County of Cook, State of Illinois.

8. Defendant Givaudan Flavors, Inc. is a corporation duly organized and existing under the law of the State of Missouri with its principal place of business in the County of St. Louis,

4

State of Missouri.

9. Defendant FONA Worldwide, Inc. f/k/a FONA International, Inc. and Flavors of North America, Incorporated (FONA) is a corporation duly organized under the law of the State of Illinois with its principal place of business in the County of Cook, State of Illinois.

10. Defendant International Flavors and Fragrances, Inc. (IFF) is a corporation duly organized under the law of the State of New York with its principal place of business in New York City, New York.

11. Defendant Quest International Flavors and Fragrances, Inc., is a corporation duly organized under the law of the State of Delaware, with its principal place of business in Owens Mill, Maryland.

12. Defendant Bush-Boake Allen, Inc. (BBA) is a corporation duly organized under the law of the State of Virginia with its principal place of business in New York City, New York. Upon information and belief, in the year 2000, defendant IFF merged with the defendant BBA. In this transaction: (1) defendant IFF expressly or impliedly agreed to assume defendant BBA's liabilities and debts, (2) the transaction amounted to a merger of the corporations, and (3) the defendant IFF is merely a continuation of the defendant BBA. Upon information and belief in 2001, Quest International Flavors and Fragrances, Inc., merged with International Flavors and Fragrances, Inc., and in this transaction: (1) defendant Quest (IFF) expressly or impliedly agreed to assume the defendant IFF, Inc.'s liabilities and debts, (2) the transaction amounted to a merger of the corporations, and (3) the defendant Quest (IFF) is merely a continuation of the defendant IFF, Inc.

13. Defendant Gold Coast Ingredients, Inc., is a corporation duly organized and existing

5

pursuant to the law of the state of California, with its principal place of business in the City of Commerce, State of California.

## Jurisdiction and Venue

14. At all times pertinent hereto, there was in force and effect a certain statute generally known as the corporate venue statute found at 508.040R.S.Mo., 2000, which provides, in pertinent part, that in any action against a corporation, venue is proper "in any County where such corporation shall have or usually keep an office or agent for the transaction of the corporations usual or customary business." Upon information and belief, defendant Givaudan Flavors, Inc., has its principal place of business or corporate headquarters at 231 Rock Industrial Drive, Bridgeton, Missouri, 63044, and its registered agent in Clayton, Missouri, which said locations are within the County of St. Louis.

15. At all times pertinent hereto, there was in force and effect a certain statute generally referred to as Missouri's long arm statute which is found at 506.500R.S.Mo. 2000, which provides, in pertinent part, that the Circuit Courts in the State of Missouri have jurisdiction over causes of action and over the persons of non-resident defendants to the extent permissible under the due process clause of the 14th Amendment of the United States Constitution and if the defendant committed a tort within the State of Missouri and the cause of action for said tort arose out of the activity of the defendant within the State. Plaintiffs, each of them, further allege, that all of the foreign corporations, committed a tort against plaintiffs herein which arose out of said defendants conduct within the State of Missouri as further set forth herein below.

16. Plaintiffs causes of action, each of them, are in excess of twenty-five thousand dollars, ($25,000.00), and this Court therefore has general subject matter jurisdiction over the

6

cause of action.

17. Plaintiffs' Bowling are residents of the State of Missouri and upon information and belief, defendant Givaudan Flavors, Inc., maintains its principal place of business within the County of St. Louis, State of Missouri. Plaintiff Fidel Amesquita, is a resident of the City of Cobden, County of Union, State of Illinois and defendants Flavor Concepts, Inc., FONA Worldwide, Inc. f/k/a FONA International, Inc., and f/k/a Flavors of North America, Inc., and Sethness-Greenleaf, Inc., are Illinois Corporations. Therefore complete diversity among plaintiffs and defendants does not exist.

## Factual Allegations Contained In All Counts

18. Except for a brief period during and after the "Great Flood" of 1993, plaintiff Clara Bowling was employed at Gilster-Mary Lee, Inc.'s microwave popcorn packaging facility in McBride, Missouri, herein after referred to as the "McBride facility", from October 1992 through November 2000.

19. Plaintiff Fidel Amesquita from the period March 19, 2001, through January 6, 2003, was employed at Gilster-Mary Lee, Inc.'s microwave popcorn packaging facility in McBride, Missouri, in the "mixing department".

20. During the aforesaid periods, each defendant, manufactured, marketed, designed, fabricated, compounded, processed, packaged, distributed and/or sold to Clara Bowling and Fidel Amesquita's employer, Gilster-Mary Lee, Inc., at it's McBride facility, natural and artificial butter flavoring that was used in the aforesaid McBride facility to flavor microwave popcorn.

21. During said plaintiffs' employment, plaintiffs suffered exposure, including inhalation and ingestion, to the aforesaid natural and artificial butter flavoring manufactured, marketed,

7

designed, distributed, sold or any combination thereof of each said defendant's product.

22. The natural and artificial butter flavoring manufactured, marketed, designed, distributed, sold or any combination thereof by each said defendant contained one or more of the following substances: diacetyl, biacetyl, biacetyl 2, 3, butanedone, diketobutane, dimethyldiketone, dimethyiglyoxal, glyoxal, dimethyl, or other substances and compounds that cause damage to the human respiratory system, including, pulmonary fibrosis, bronchiolitis obliterans, chronic obstructive pulmonary disease, severe lung impairment, chronic cough, shortness or breath, fatigue, obstructive spirometry abnormalities, and other respiratory conditions and diseases.

23. Each defendant knew, or should have known, of the hazardous nature of its natural and artificial butter flavorings both at the time of sale or distribution, marketing, compounding, manufacturing or otherwise providing the same to other purchasers or users when each plaintiff as aforesaid was exposed to such products and was consequently injured. Notwithstanding the foregoing, each defendant failed to warn of the defective dangerous nature of the natural and artificial butter flavorings and failed to give instructions with respect to its safe and reasonable use for such product.

24. Plaintiffs' exposure to each defendant's natural and artificial butter flavorings directly and proximately caused injuries to said plaintiffs, including, severe, permanent, and progressive damage to the lungs and severe damage to the respiratory system. Plaintiffs have suffered and will continue to suffer physical pain, mental and emotional distress and anguish, loss of sleep and inability to engage in the normal activities of life. In addition, plaintiffs have suffered and will continue to suffer lost wages and earning capacity, and have expended and will continue to

8

expend money for medical treatment, medications, medical monitoring and other medical devices.

## COUNT I: Strict Liability in Tort—Design Defect

25. Each defendant manufactured, marketed, designed, distributed, provided, processed, packaged, and sold, or any combination thereof, natural and artificial butter flavoring products within the ordinary course of it's business.

26. Each plaintiff was exposed to each said defendant's products, and at the time thereof, said products were being used to flavor microwave popcorn at plaintiffs' employer's McBride plant or facility, which was the precise use intended, reasonably anticipated, and in fact, was so intended by each said defendant and supplier to plaintiffs' employer.

27. At the time of the design, manufacture, processing, packaging, distribution, sale and/or use or any combination thereof, of each said defendant's products, said products were unreasonably dangerous and defective as designed when put to the use anticipated by the defendants, by reason, inter-alia, of the inclusion of diacetyl, biacetyl, biacetyl 2, 3, butanedone, diketobutane, dimethyldiketone, dimethyiglyoxal, glyoxal, dimethyl, or other compounds that cause damage to the human respiratory system, including pulmonary fibrosis, bronchiolitis obliterans, chronic obstructive pulmonary disease, severe lung impairment, chronic cough, shortness or breath, fatigue, obstructive spirometry abnormalities, and other related respiratory conditions and disease.

28. As a result of the propensity of the products of each said defendant to cause respiratory disease, as described above, the products of each defendant were unreasonably dangerous and defective when put to the reasonably anticipated use.

9

29. As a direct and proximate result of the unreasonably dangerous and defective condition of the aforesaid products of each said defendant, and each defendant's failure to warn of the dangers thereof, each plaintiff has developed severe, irreversible, and progressive damage to plaintiffs' lungs, severe damage to plaintiffs' respiratory system, and impairment of their ability to engage in the normal activities of life. Plaintiffs suffered, and will continue to suffer physical impairment, pain, loss of consortium, mental and emotional distress, and loss of sleep and natural rest. In addition, plaintiffs have suffered and will continue to suffer a diminution in earning capacity, and will be caused to expend large sums of money for necessary and reasonable medical care and treatment, monitoring and ameliotory medical devices, in the future.

30. At the time that the products of each defendant were manufactured, marketed, designed, distributed, compounded, mixed, provided, packaged, and sold, each said defendant knew or should have known of the dangerous propensities of certain components or the actual product and each said defendant thereby showed complete indifference to and conscious disregard for the safety of persons, such as plaintiffs, who were likely to suffer exposure, including inhalation and ingestion of the aforesaid products. Therefore, each said defendant's conduct was willful, wanton, and in conscious or reckless disregard for the rights of plaintiffs, and punitive and exemplary damages should be assessed against each said defendants in an amount sufficient to punish each said defendant and to deter those similarly situated as each said defendant from undertaking similar wrongful conduct.

WHEREFORE, plaintiffs Clara Bowling and Fidel Amesquita pray judgment against such defendants, jointly and severally, for actual and punitive damages in an amount in excess of twenty five thousand dollars ($25,000.00), exclusive of their costs; for the costs of this action,

10

for pre-judgment interest and for such further relief as the Court deems just and proper considering the premises.

## COUNT II: Strict Liability in Tort—Failure To Warn

31. Each said defendant manufactured, marketed, designed, packaged, distributed, and/or sold natural and artificial butter flavorings without adequate instructions with respect to safe use of the products to reduce and/or eliminate the dangers of exposure thereto and/or without warnings that the products contained substances that are dangerous to human health and life and/or that the products cause the severe respiratory diseases described above.

32. As a result of each said defendant's failure adequately to instruct and warn of the dangerous characteristics of the products, said products were defective and unreasonably dangerous when put to the use reasonably anticipated by the defendants.

33. As a direct and proximate result of the dangerous and defective condition of the products of each defendants and/or each defendant's and the defendants' failure to warn of the dangers thereof, plaintiffs have developed severe, irreversible, acid progressive damage to their lungs, severe damage to their respiratory system, and/or impairment of their ability to function, Plaintiffs have suffered and will continue to suffer physical pain, loss of consortium, mental and emotional distress, and/or loss of sleep and natural rest. In addition, plaintiffs have suffered and will continue to suffer lost wages and/or earning capacity, and has expended and will continue to expend money for medical treatment, medication, medical monitoring and/or medical devices.

34. At the time that the products of each said defendant were manufactured, marketed, designed, distributed, und/or sold, each said defendant knew or should have known of the dangerous condition of said products and that failure to warn or instruct, as set forth above,

11

would injure human health, Each said defendant thereby showed complete indifference to and/or conscious disregard for the safety of persons, such as plaintiffs, who were likely to suffer exposure, including inhalation and ingestion, of the products. Therefore, each said defendant's conduct was willful, wanton, and/or in reckless disregard for the rights of plaintiffs, and punitive exemplary damages should be assessed against each said defendant, in an amount sufficient to punish each said defendant and to deter those similarly situated as each said defendant from undertaking similar wrongful conduct.

WHEREFORE, plaintiffs, Clara Bowling and Fidel Amesquita, pray judgment against the defendants, jointly and severally, for actual and punitive damages in an amount in excess of twenty-five thousand dollars ($25,000.00); for the costs of this action, for prejudgment interst; and for such further relief as the Court deems fair and reasonable in the premises.

## COUNT III: Negligence

35. As designers, manufacturers, designers, marketers, packagers, distributors, and/or of natural and artificial butter flavorings, each said defendant had a duty to exercise due care and the ordinary, reasonable, and technical skill and competence to make the products safe for persons, such as plaintiffs, who would be exposed to the products.

36. Each said defendant breached its duty of care by the following acts and omissions constituting negligence:

(A) Each said defendant included in its artificial and natural butter flavoring one or more of the following substances: diacetyl; biacetyl, biacetyl 2,3, butanedone, diketobutane, diiuetliyldikeione, dimethylglyoxal, glyoxal, dimethyl, and/or other substances and compounds that cause damage to the human respiratory system. bronchiolitis obliterans,

12

chronic obstructive pulmonary disease, severe lung impairment, chronic cough, shortness or breath, fatigue, obstructive spirometry abnormalities, and other respiratory conditions and diseases;

(B) Each said defendant failed to test adequately its products and the effects of its products on the health of persons who suffered exposure to the products;

(C) Each said defendant failed to search or, obtain, and/or act upon information generated by others that would have led a reasonable person to perform further testing on the products, warn users about exposure to the products, and/or modify the products to reduce or eliminate the products' health hazards;

(D) Each said defendant failed to issue warnings for the benefit of persons, such as plaintiffs, about the potential health hazards caused by exposure to the produce;

(E) Each said defendant failed to issue instructions for the benefit of persons, such as plaintiffs, for use and handling of the products that would reduce or eliminate the health hazards caused by exposure to the products;

(F) Each said defendant failed to modify its product: to reduce or eliminate the health hazards caused by exposure to the products;

(G) Each said defendant failed to utilize benign substances as substitutes for diacetyl; biacetyl, biacetyl 2,3, butanedone, diketobutane, dhnethyldiketone, dimethylglyoxal, glyoxal, dimethyl, and/or other substances and compounds that cause damage to the human respiratory system, bronchiolitis obliterans, chronic obstructive pulmonary disease, severe lung impairment, chronic cough, shortness or breath, fatigue, obstructive spirometry abnormalities, and other respiratory conditions and diseases, despite the

13

availability of such substitutes; and

(H) Each said defendant committed other acts and omissions that created an unreasonable risk of harm to persons, such as plaintiffs, who suffered exposure to the products.

37. As a direct and proximate cause of the foregoing negligent acts and omissions, plaintiffs developed severe, irreversible, and progressive damage to their lungs, severe damage to their respiratory system, and/or impairment of their ability to function, Plaintiffs have suffered and will continue to suffer physical pain, loss of consortium, mental and emotional distress, and/or loss of sleep and natural rest. In addition, plaintiffs have suffered and will continue to suffer lost wages and/or earning capacity, and has expended and will continue to expend money for medical treatment, medication, medical monitoring and/or medical devices at the time that the products of each said defendant were manufactured, marketed, designed, distributed, and/or sold, each said defendant knew or should have known of' the dangerous condition of said products and that failure to warn or instruct, as set forth above, would injure human health. Each said defendant thereby showed complete indifference to and/or conscious disregard for the safety of persons, such as plaintiffs, who were likely to suffer exposure, including inhalation and ingestion, of the products. Therefore, each said defendant's conduct was willful, wanton, and/or in reckless disregard for the rights of plaintiffs and punitive exemplary damages should be assessed against each said defendant in an amount sufficient to punish each said defendant and to deter those similarly situated as each said defendant from undertaking similar wrongful conduct.

WHEREFORE, plaintiffs pray judgment against the said defendants, jointly and severally, for actual and punitive damages in an amount in excess of twenty five thousand dollars

14

($25,000.00); for the costs of this action, and prejudgment interest; and for such further relief as the Court deems fair and reasonable in the premises.

## COUNT IV: Breach of Continuing Duty to Warn

38. At the time to manufacture, design, marketing, distribution, and/or sale of natural and artificial butter flavorings, and thereafter, each said defendant knew or had constructive knowledge of a significant risk of serious harm posed by its products to person, such as plaintiffs, who suffered exposure to the products as set forth above.

39. The significant risk of serious harm created by the use of each said defendant's products could have been lessened if each said defendant had adequately warned or instructed on proper use of its products after the sale.

40. The significant risk of serious harm posed by each said defendant's products outweighed any economic burden to each said defendant of identifying and contacting current product users.

41. Indeed, each said defendant had ongoing relationships with plaintiffs' employer, which provided a practical way of issuing post-sale warnings.

42. Each said defendant therefore had a duty to issue post-sale warnings of the significant risk of harm to human health posed by the products.

43. Each said defendant failed to take reasonable actions to warn after the sale of its products and were thereby negligent.

44. As a direct and proximate result of the dangerous and defective condition of the products of each said defendants and/or each said defendant's and the said defendants' failure to warn of the dangers thereof, plaintiffs have developed severe, irreversible, and progressive

15

damage to their lungs, severe damage to their respiratory system, and/or impairment of their ability to function. Plaintiffs have suffered and will continue to suffer physical pain, loss of consortium, mental and emotional distress, and/or loss of sleep and natural rest. In addition, plaintiffs have suffered and will continue to suffer lost wages and/or earning capacity, and has expended and will continue to expend money for medical treatment, medication, medical monitoring and/or medical devices.

45. At the time that the products of each said defendant were manufactured, marketed, designed, distributed, and/or sold, each said defendant knew or should have known of the dangerous condition of said products and that failure to warn or instruct, as set forth above, would injure human health, Each said defendant thereby showed complete indifference to and/or conscious disregard for the safety of persons, such as plaintiffs, who were likely to suffer exposure, including inhalation and ingestion, of the products'. Therefore, each said defendant's conduct was willful, wanton, and/or in reckless disregard for the rights of plaintiffs, and punitive exemplary damages should be assessed against each said defendant in an amount sufficient to punish each said defendant and to deter those similarly situated as each said defendant from undertaking similar wrongful conduct.

WHEREFORE plaintiffs pray judgment against the said defendants, jointly and severally, for actual and punitive damages in an amount in excess of twenty five thousand dollars ($25,000.00); for the costs of this action, and for prejudgment interest; and for such further relief as the Court deems fair and reasonable in the premises.

## COUNT' V: Loss of Consortium and Claim for Medical Expenses

4. As a direct result of the afore-described conduct of each said defendant, plaintiff Clara

16

Bowling's spouse has sustained the loss consortium, society, companionship, comfort, protection, care, attention, advice and counsel, and guidance; loss financial support; loss of services, and has incurred medical and medical monitoring expenses, and such expenses will continue to be incurred in the future.

47. At the time that the products of each said defendant were manufactured, marketed, designed, distributed, and/or sold, each said defendant knew or should have known of the dangerous condition of said products and that failure to warn or instruct, as set forth above, would injure human health. Each said defendant thereby showed complete indifference to and/or conscious disregard for the safety of persons, such as plaintiffs, who were likely to suffer exposure, including inhalation and ingestion, of the products. Therefore, each said defendant's conduct was willful, wanton, and/or in reckless disregard for the rights of plaintiffs, and punitive exemplary damages should be assessed against each said defendant in an amount sufficient to punish each said defendant and to deter those similarly situated as each said defendant from undertaking similar wrongful conduct.

WHEREFORE, plaintiff's spouse prays judgment against the defendants, jointly and severally, for actual and punitive damages in an amount in excess of twenty five thousand dollars ($25,000.00); for the costs of this action, and for prejudgment interest; and for such further relief as the Court deems fair and reasonable in the premises.

Respectfully submitted,

By
Gary G. Matheny, MBE#
212-B W. Columbia
Farmington, MO 63640
(573) 760-1313
(573) 760-8827 (fax)

By
Robert S. DeVoto, MBE# 28229
Manchester Professional Building
9322 Manchester Road
St. Louis, MO 63119
(314) 961-0097, ext. 14 or 27
(314) 961-6107 (fax)

17

By _____

Tom R. Burcham, III #439
Attorney at Law
One South Jefferson Street
Farmington, MO 63640
(573) 756-5014
(573) 756-6878 (fax)

18

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
09/06/2005
Log Number 510517384

**TO:**    Louis D Proietti
Givaudan Flavors Corporation
1199 Edison Drive
Cincinnati, OH, 45216-

**RE:**    **Process Served in Missouri**

**FOR:**    GIVAUDAN FLAVORS, INC. (Domestic State: MO)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Clara Bowling, et al., Pltfs. vs. Kerry, Inc. f/k/a Kerry Ingredients, Inc., et al., including Givaudan Flavors Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Petition, Notice |
| **COURT/AGENCY:** | Circuit Court of St Louis County, MO<br>Case # 05CC004030ECV |
| **NATURE OF ACTION:** | Personal Injury - Injuries sustained while employed by Defendant suffered exposure, including inhalation and ingestion, to natural and artifical butter flavoring. |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Clayton, MO |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/06/2005 at 09:50 |
| **APPEARANCE OR ANSWER DUE:** | Thirty (30) days after service exclusive day of service. |
| **ATTORNEY(S) / SENDER(S):** | Robert L. DeVoto<br>Manchester Professional Building<br>9322 Manchester Road<br>St. Louis, MO, 63119<br>314-961-0097 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 790143312358<br>Email Notification, Louis D Proietti LOUIS.PROIETTI@GIVAUDAN.COM<br>Email Notification, Mary Luth MARY.LUTH@GIVAUDAN.COM |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>John Linnihan<br>120 South Central Avenue<br>Suite 400<br>Clayton, MO, 63105<br>314-863-5545 |

Page 1 of 1 / BL

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal opinion
as to the nature of action, the amount of damages, the answer date,
or any information contained in the documents themselves.
Recipient is responsible for interpreting said documents and for
taking appropriate action.

# IN THE CIRCUIT CLERK COURT OF ST. LOUIS COUNTY, MISSOURI

BOWLING, CLARA

------------------------------------------

PLAINTIFF

VS

KERRY INC

------------------------------------------

DEFENDANT

05CC-004030 E CV

------------------

CASE NUMBER

SUMMONS

THE STATE OF MISSOURI TO:    DEFENDANT (6)

GIVAUDAN FLAVORS INC
THE CORPORATION CO - REG
120 SOUTH CENTRAL AVENUE
CLAYTON, MO 63105

YOU ARE HEREBY SUMMONED TO APPEAR BEFORE THE ABOVE-NAMED COURT AND TO
FILE YOUR PLEADING TO THE PETITION, A COPY OF WHICH IS ATTACHED HERETO,
AND TO SERVE A COPY OF YOUR PLEADING UPON THE ATTORNEY OR PARTY WHOSE
NAME AND ADDRESS IS LISTED BELOW: ALL WITHIN 30 DAYS AFTER SERVICE OF
THIS SUMMONS UPON YOU, EXCLUSIVE OF THE DAY OF SERVICE. IF YOU FAIL
TO DO SO, JUDGMENT OF DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF
DEMANDED IN THE PETITION.

DATE ISSUED: SEPTEMBER 02, 2005

-------------------------------

ATTORNEY:
ROBERT DEVOTO
9322 MANCHESTER RD
ST LOUIS, MO 63119



**JOAN M. GILMER,** Circuit Clerk

By _Janet Gallo_
    Deputy Clerk

**SPECIAL NEEDS: If you have special needs addressed by the American With Disabilities Act, please notify
the Office of the Circuit Clerk at 314/615-8029, FAX 314/615-8739, or TTY at 314/615-4567, at lease three
business days in advance of the court proceeding.**

CCCDT186  Rev. 01/00

## THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

### Twenty First Judicial Circuit

### NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

#### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

#### Your Rights and Obligations In Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

#### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the partes. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

CCADM73

(2) **Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

(3) **Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

(4) **Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

(5) **Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

### Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73